UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**HARDIN & COMPANY, LTD.**,<br><br>Debtor.<br><br>**JOSEPH V. WOMACK**,<br><br>Plaintiff.<br><br>-vs-<br><br>**DENNIS HARDIN**, **HARDIN REAL ESTATE, INC.**, and **DENNIS L. HARDIN AND GLORIA J. HARDIN LIVING TRUST**,<br><br>Defendants. | Case No. **13-60413-7**<br><br><br><br><br><br>Adv No. **14-00003** |

## MEMORANDUM of DECISION

At Butte in said District this 22nd day of December, 2014.

In this Adversary Proceeding, after due notice, the Court held a hearing on December 17, 2014, in Butte on the Motion to Approve and Enforce Settlement Agreement filed on October 10, 2014, by the Defendants, Dennis Hardin, Hardin Real Estate, Inc., and the Dennis L. Hardin and Gloria J. Hardin Living Trust.  The Defendants were represented at the hearing by Quentin M. Rhoades and Nicole Siefert of Missoula, Montana; the Chapter 7 Trustee, Joseph V. Womack (the "Trustee") appeared at the hearing personally and with counsel, James A. Patten of Billings, Montana; and Stafford/Lovgren Partnership, Dr. Ron Stafford, and Dr. Greg Lovgren (collectively

1

"Stafford/Lovgren") were represented at the hearing by Bruce Jacobs of Bozeman, Montana. Womack testified and Womack's Exhibits A and B were admitted into evidence.

## BACKGROUND

The Debtor, Hardin & Company, Ltd., is a real estate brokerage company. Defendant Dennis Hardin was the Debtor's sole shareholder and officer and signed the bankruptcy petition on behalf of the Debtor. Pre-petition, Dennis Hardin caused the Debtor to terminate a number of listing agreements. Dennis Hardin then entered into new listing agreements under his newly formed business, Hardin Real Estate, Inc. Carol Gerovac was a party to one of the listing agreements that was terminated by the Debtor and entered into with Hardin Real Estate, Inc. Only two claims have been filed in the Debtor's bankruptcy case; the first by Stafford/Lovgren in the amount of $59,867.45 and the other by Dennis Hardin in the amount of $264,012.00.

The Trustee previously entered into an agreement with Carol Gerovac whereby the Trustee and Gerovac agreed that a listing agreement dated October 13, 2010, as extended by an addendum dated October 11, 2011, governed the commission to be paid on property Gerovac sold to the Bozeman Yellowstone Airport. That agreement was "contingent upon the Bankruptcy Court's approval . . . and upon the entry of an order or judgment in the Adversary Proceeding declaring the termination of the Gerovac Listing Agreement and the purported execution of a new listing agreement to be avoided or otherwise without effect or that Trustee is entitled to the commission." The Trustee filed a Rule 9019 motion in the Debtor's main bankruptcy case seeking approval of his agreement with Gerovac. Dennis Hardin opposed approval of the Trustee's agreement with Gerovac. Thereafter, Dennis Hardin and the Trustee entered into a stipulation whereby Dennis Hardin consented to the Trustee's Rule 9019 motion on the condition that the Gerovac agreement

not prejudice the rights of Dennis Hardin Real Estate, Inc. to assert a claim for a 6% commission on Gerovac's sale of property to the Bozeman Yellowstone Airport. On May 14, 2014, the Court entered an Order approving the agreement between the Trustee and Gerovac, subject to the terms of the Trustee's agreement with Dennis Hardin.

Thereafter, the Trustee and the Defendants began negotiations to settle this Adversary Proceeding. Trustee's counsel sent Defendants' counsel a draft settlement agreement on September 3, 2014. On that same date, Defendants' counsel suggested certain changes, stating in an email that "[t]he entity Hardin Real Estate, Inc., as I understood it, was to retain its claim on a full 6% commission from Carol Gerovac." Later that same date, Trustee's counsel stated he was working on a Rule 9019 motion for the settlement agreement. Trustee's counsel then provided Defendants' counsel with another draft of the settlement agreement, indicating at that time that he wanted the Trustee "to bless it too." The Trustee made a change and it was once again emailed to Defendants' counsel, who asked: "OK, You want me to sign it and mail it to you?" Trustee's counsel responded "yes." On September 4, 2014, Defendants' counsel signed the settlement agreement and mailed it to Trustee's counsel. Paragraphs 1 and 5 of the final draft read as follows:

> 1. Hardin shall pay to Plaintiff the sum of $77,000 and shall relinquish any claim to the real estate commission to be paid to Estate totaling $43,350 held in the Moore O'Connell & Refling Law Firm Trust Account pursuant to the settlement approved by this Court on May 14, 2014 [Doc. #147].

\* \* \*

> 5. Notwithstanding any of the foregoing, Hardin retains the claim to the 6% of the Gerovac sales proceeds, which is subject to a state court action in the Montana Eighteenth Judicial District Court, Gallatin County as Case No. DV 14-179, *Dennis Hardin and Hardin Real Estate, Inc. v. Gerovac*.

After emailing the final draft to Defendants' counsel, but before the Trustee signed the

3

final draft, either the Trustee or his counsel discovered that paragraph 5 of the final draft was at odds with the Trustee's previously approved agreement with Gerovac, wherein Gerovac's obligation to pay the bankruptcy estate a real estate commission on the sale of her property was contingent upon "the entry of an order or judgment in the Adversary Proceeding declaring the termination of the Gerovac Listing Agreement and the purported execution of a new listing agreement to be avoided or otherwise without effect or that Trustee is entitled to the commission." The Trustee did not sign the final draft of the settlement agreement with the Defendants and did not present the matter to the Court for approval. The Defendants thus filed their pending Motion to Approve and Enforce Settlement Agreement, requesting that the Court approve the settlement agreement, which was signed only by the Defendants' counsel, and enforce it against the Trustee. The Trustee and Stafford/Lovgren oppose the Defendants' request.

Two issues are presented by the Defendants' motion. The first is whether there is a binding agreement between the Trustee and the Defendants. If the answer to the previous question is yes, the second issue is whether that agreement should be approved by the Court. The Court answers no to both of the foregoing questions.

Essential elements of a contract are parties capable of contracting, their consent, a lawful object and adequate consideration. Mont. Code Ann. ("MCA") § 28-2-102. The Trustee's intent, as reflected in the proposed settlement, was that he receive $77,000.00 from the Defendants and $43,350.00, less certain described amounts, from Gerovac, or roughly $113,452.00.[1] However,

---

[1] According to the Gerovac settlement, Hardin & Co. has already received $1,500.00. In addition, the Trustee agreed to reduce the commission owed to the Debtor for Gerovac's attorneys fees and costs paid to the firm of Moore, O'Connell & Refling. The Trustee testified that he anticipates that the bankruptcy estate would receive net proceeds of $36,452.00 from the Gerovac settlement.

4

paragraph 5 of the proposed settlement would cause the Trustee to lose the proceeds from the Gerovac settlement because payment of the Gerovac settlement proceeds is contingent upon entry of an order or judgment in this Adversary Proceeding declaring the termination of the Gerovac Listing Agreement and the purported execution of a new listing agreement to be avoided or otherwise without effect or that Trustee is entitled to the commission, none of which would be accomplished by the settlement with the Defendants as drafted. Before signing the agreement, the Trustee realized the mistake. As explained in *Gamble v. Sears*, 2007 MT 131, ¶ 25, 337 Mont. 354, 160 P.3d 537, "[t]he requisite consent to a contract must be given freely, and consent cannot be given freely when it is based on a mistake." The contract here lacks the requisite intent.

In addition, the negotiations between the parties were just that; negotiations, and it is clear that the parties were contemplating a written contract executed by both the Trustee and the Defendants. The written contract would be the consummation of the parties' negotiations and would be what was necessary to submit to the Court for approval pursuant to a Rule 9019 motion. This Court finds that under the facts of this case, absent the Trustee's signature, no binding agreement exists between the parties.

Even if the agreement between the Trustee and the Defendants was binding, which the Court finds it is not, the Court could not approve the agreement under the factors articulated in *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986):

> (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

As explained in *A & C Properties*:

>The purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims. The law favors compromise and not litigation for its own sake, and as long as the bankruptcy court amply considered the various factors that determined the reasonableness of the compromise, the court's decision must be affirmed.

*Id*. at 1380-81 (citations omitted).

In this case, the Defendants, as the moving parties, failed to sustain their burden of proving any of the elements as articulated in *A & C Properties*. The record, on the other hand, reflects that both the Trustee and Stafford/Lovgren (the only creditor in this case besides Dennis Hardin) oppose approval of the settlement agreement because it is not in the best interest of the bankruptcy estate or the creditors. Considering all relevant factors, and the record, the Court can only conclude that the agreement is not fair and equitable as required by *A&C Properties*. Accordingly, the Court will enter a separate order providing as follows:

IT IS ORDERED that the Motion to Approve and Enforce Settlement Agreement filed on October 10, 2014, by the Defendants, Dennis Hardin, Hardin Real Estate, Inc., and the Dennis L. Hardin and Gloria J. Hardin Living Trust, at docket no. 22, is denied.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana